**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | |
|---|---|
| JASON ANDREW AUSTIN, | :   Case No. 1:22-cv-159 |
|      Plaintiff, | : |
| | : |
| vs. | :   District Judge Timothy S. Black |
| | :   Magistrate Judge Kimberly A. Jolson |
| JAMES ASHCRAFT, et al., | : |
| | :   **ORDER AND REPORT** |
|      Defendants. | :   **AND RECOMMENDATION** |
| | : |

Plaintiff, a prisoner at the Lebanon Correctional Institution, has filed a *pro se* civil rights complaint in this Court pursuant to 42 U.S.C. § 1983. By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**Screening of Plaintiff's Complaint**

**A. Legal Standard**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324

(1989)). To address this concern, Congress included subsection (e)(1) as part of the statute, which

provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires

*sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or

malicious, or upon determination that the action fails to state a claim upon which relief may be

granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the

basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill*

*v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule

8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader

is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands

on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d

502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a]

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

---

[1] Formerly 28 U.S.C. § 1915(d).

of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**B. Allegations in the Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 against defendants James Ashcraft, Demetrius Yates, John Boykin, and Quinnlan Berry in their individual and official capacities. (Doc. 1-3, Complaint at PageID 21–22). Based on the factual allegations below, Plaintiff claims that defendants violated his rights under the Eighth Amendment.

In the complaint and attached documents, Plaintiff claims that he was attacked by another inmate on December 10, 2021, which resulted in a head wound requiring six staples. (*Id.* at PageID

24, 35).  According to Plaintiff, on December 14, 2021, he suffered a seizure and was taken to a medical examination room, where he claims he was strapped down to a chair and handcuffed. (*Id.*).  Plaintiff alleges that defendant Ashcraft accused him of faking, before smacking Plaintiff in the head several times and slamming his head on the ground.  Plaintiff further alleges that Ashcraft smacked him so hard that he was rendered unconscious and the attack resulted in his head wound reopening and bleeding.  Plaintiff claims that although defendants Yates and Boykin both witnessed the attack, neither Defendant attempted to stop the attack, immediately report it, or otherwise protect him.  (*Id.*).

Plaintiff claims he was escorted back to his cell following the attack.  He maintains that he was still "dazed" and/or "incoherent" after having been knocked unconscious.  (*Id.* at PageID 34, 40).  Defendant Berry told Plaintiff's cellmate to "pack up" because she claimed that Plaintiff was "going in this cell by himself."  (*Id.* at PageID 40).  Plaintiff claims his cellmate told Berry that Plaintiff needed to be taken to medical, before Berry opened the food chute, sprayed OC spray into the cell, and removed the cellmate.  (*Id.* at PageID 24, 40, 42).  According to Plaintiff, he protested going into the cell based on his open head wound and the cell being filled with the OC spray, to which Berry responded, "That's what the fuck you get, get in there before I spray you."  (*Id.* at PageID 40).  Plaintiff claims that being placed in the cell immediately after OC spray was deployed into it resulted in restricted breathing and "burning all over," including his open head wound and eyes.  (*Id.* at PageID 24, 41, 42).  Plaintiff claims that he urinated himself and requested medical, but that he was refused and remained in the cell.  (*Id.*).

As relief, Plaintiff seeks monetary damages.  (*Id.* at PageID 24).

### C. Analysis

At this stage in the proceedings, without the benefit of briefing by the parties to this action and construing Plaintiff's *pro se* complaint liberally, the Undersigned concludes that Plaintiff may proceed with the complaint against Defendants in their individual capacities. Plaintiff's claims against Defendants in their official capacities should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

Plaintiff's claims against Defendants in their official capacities are subject to dismissal. As noted above, Plaintiff seeks relief in the form of money damages. (*See* Doc. 1-3, Complaint at PageID 24). Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139 (1993); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dept. of Treasury*, 323 U.S. 459, 464 (1945). A suit against Defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which Defendants are agents. *Monell*, 436 U.S. at 690. Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)).

Therefore, all of the named Defendants are immune from suit in their official capacities to the extent that Plaintiff seeks monetary damages.

Accordingly, in sum, Plaintiff may proceed with his complaint against Defendants in their individual capacities. The complaint for money damages should be dismissed against Defendants in their official capacities. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's official capacity claims against Defendants be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny Plaintiff leave to appeal *in forma pauperis. See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, the Order granting Plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon Defendants as directed by Plaintiff, with costs of service to be advanced by the United States.

2. Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to Defendants or Defendants' counsel. Any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3.  Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.


Date: April 6, 2022                                    /s/ Kimberly A. Jolson
                                                       KIMBERLY A. JOLSON
                                                       UNITED STATES MAGISTRATE JUDGE

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).