UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JASON AUSTIN,<br>    Plaintiff, | : <br> : | Case No. 1:22-cv-159 |
| | : | Judge Timothy S. Black |
| vs. | : <br> : | Magistrate Judge Kimberly A. |
| JAMES ASHCRAFT, *et al.*,<br>    Defendants. | : <br> : | Jolson |

**DECISION AND ENTRY
ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 42).**

This civil action is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Kimberly A. Jolson.  Pursuant to such reference, the Magistrate Judge reviewed the pleadings and, on September 25, 2023, submitted a Report and Recommendation (the "R&R"), recommending that Defendants' motions for summary judgment be granted in part.  (Doc. 42).  Defendants James Ashcraft and Demetrius Yates filed objections.  (Doc. 43).  Plaintiff filed objections and supplemental documentation with those objections.  (Docs. 45, 46, 47).

**I.    BACKGROUND**

The Magistrate Judge provided a detailed factual background in the R&R, which the undersigned incorporates herein.  (Doc. 42 at 1-3).  To provide a summary in the light most favorable to Plaintiff as the non-moving party:

On December 10, 2021, Plaintiff was attacked by another inmate, requiring six staples in his head.  On December 14, 2021, while Plaintiff was in restrictive housing pending investigation of the attack, Plaintiff had a seizure.  Defendant Demetrius Yates

escorted Plaintiff to the infirmary, where Defendant James Ashcraft was stationed. After Plaintiff was medically examined, Ashcraft and Yates began escorting Plaintiff back to his cell when Plaintiff complained that he was lightheaded and dizzy. While still in the infirmary, Ashcraft accused Plaintiff of faking his symptoms, slammed him to the ground, and slapped his head several times. During the assault, Plaintiff was restrained and not resisting. Yates witnessed the assault but did not intervene. Defendant John Boykin, a dentist working in the infirmary, witnessed the assault from another room in the infirmary but did not intervene.

After the assault, Yates escorted Plaintiff back to his cell. Defendant Berry ordered Plaintiff's cellmate, Michael Keister, to present his hands so Keister could be restrained while Plaintiff was placed back in the cell. Keister refused to comply. Berry warned Keister that he needed to comply or pepper spray would be used. Keister still refused to comply, Berry sprayed Keister, and Keister was restrained and removed from the cell. Plaintiff was then placed in the cell.

## II. STANDARDS OF REVIEW

### A. Magistrate Judge's R&R

Pursuant to 28 U.S.C. § 636(b), the District Court may refer dispositive motions to a United States Magistrate Judge. Upon such reference, the Magistrate Judge must timely submit a Report and Recommendation, providing a recommended disposition of the motion, as well as proposed findings of fact. *Id.*; Fed. R. Civ. P. 72(b). Within 14 days of service of a Magistrate Judge's Report, the parties may serve and file specific written objections to the Report for the District Judge's consideration. *Id.*

If objections are filed, the District Judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to...[and] may accept, reject, or modify the recommended disposition...." Fed. R. Civ. P. 72(b)(3). Thus, the district judge is not required to review *de novo* every issue raised in the original motion, but only those matters from the Report and Recommendation that received proper objections. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

"[W]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citations omitted). The Supreme Court has stated: "It does not appear that Congress intended to require district court review of magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to these findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

B. **Motion for Summary Judgment**

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

3

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

### III.     ANALYSIS

#### A. Defendants Ashcraft and Yates

Plaintiff asserts an excessive use of force claim against Defendant Ashcraft and a failure to intervene claim against Defendant Yates. The Magistrate Judge recommends that summary judgment be denied as to Ashcraft and Yates because these claims "hinge[] on a credibility determination that is reserved for a jury." (Doc. 42 at 8). The Magistrate Judge also recommends that these Defendants are not entitled to qualified immunity until the factual disputes surrounding the assault are resolved because "there is sufficient caselaw surrounding assaults on nonresistant or restrained plaintiffs to put Ashcraft on notice that the force alleged violated the Eighth Amendment." (*Id.* at 8-9).

Ashcraft and Yates first object to the Magistrate Judge's recommendation, arguing that summary judgment should be granted in their favor because "the legal issue is not one of the credibility of the witnesses, but Plaintiff failing to offer [Fed. R. Civ. P.] 56 quality evidence that corroborates his version of the facts." (Doc. 43 at 2).

This objection is not well-taken. Pursuant to Fed. R. Civ. P. 56(c)(4): "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." And a "prisoner's sworn affidavit, standing alone, may create a genuine dispute of material fact that forecloses

4

summary judgment…even if the record lacks corroborating evidence." *Lamb v. Kendrick*, 52 F.4th 286, 296 (6th Cir. 2022). Here, Plaintiff's affidavit is made on personal knowledge and, as the Magistrate Judge correctly recognized, creates a genuine issue of material fact.

Ashcraft and Yates also argue that the Magistrate Judge erred by "ignor[ing] the objective medical evidence demonstrating no assault occurred against Plaintiff." (Doc. 43 at 7). But the Magistrate Judge did not ignore the medical evidence. (Doc. 42 at 5, 6-7).[1] And the Court agrees with the Magistrate Judge's conclusion that, when viewing all the evidence in light most favorable to Plaintiff, a reasonable jury could find that Defendant Ashcraft used excessive force and Defendant Yates failed to intervene.[2]

Accordingly, Ashcraft and Yates's objections are **OVERRULED**.

**B. Dr. Boykin**

Plaintiff asserts that Defendant Dr. Boykin failed to intervene or report Plaintiff's assault after witnessing it. The Magistrate Judge recommends that Dr. Boykin's motion for summary judgment be granted because no reasonable juror could conclude that Dr. Boykin "had reason to know the force he allegedly observed was excessive" or that Dr.

---

[1] Indeed, Ashcraft and Yates's objections generally restate their prior arguments and are essentially a disagreement with the Magistrate Judge's conclusion. And a "party's objections are not sufficiently specific if they merely restate the claims made in the initial petition, 'disput[e] the correctness' of a report and recommendation without specifying the findings purportedly in error, or simply 'object[ ] to the report and recommendation and refer[ ] to several of the issues in the case.'" *Bradley v. United States*, No. 18-1444, 2018 WL 5084806, at *3 (6th Cir. Sept. 17, 2018) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

[2] The Magistrate Judge also recommends that the Court should grant summary judgment with respect to any failure to report claim against Defendant Yates. (Doc. 42 at 11). Plaintiff did not object to this conclusion.

Boykin "had the means and opportunity to intervene and prevent the assault." (Doc. 42 at 13-14). Plaintiff objects to the Magistrate Judge's recommendation, arguing that any reasonable person should recognize that force is excessive when used on a restrained person and that any person with Dr. Boykin's training would know to intervene. (Doc. 45 at 4-5).

As cited by the Magistrate Judge, for Dr. Boykin to be liable for failure to intervene, Plaintiff must demonstrate that (1) Dr. Boykin observed or had reason to know that excessive force would be or was being used, and (2) Dr. Boykin had both the opportunity and the means to prevent the harm from occurring. *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997)

Here, when viewing the record in Plaintiff's favor, Dr. Boykin was in another room when he witnessed Plaintiff being struck while he was shackled, on the ground, and not resisting. And the Court agrees with Plaintiff that a reasonable jury could conclude that, because Plaintiff was struck while shackled, on the ground, and not resisting, Dr. Boykin observed or had reason to know that the force being used was excessive. However, when viewing the record in Plaintiff's favor, Dr. Boykin was not directly involved in the circumstances surrounding the assault. Unlike Yates, who was in the room while Ashcraft assaulted Plaintiff, Dr. Boykin was across the hallway. (*See* Doc. 42 at 14 (collecting cases)). And there are no facts suggesting that Ashcraft's application of force was prolonged to the point that Dr. Boykin would have opportunity and means to prevent the assault. Accordingly, after *de novo* review, the Court agrees with the Magistrate Judge that no reasonable jury could conclude that Dr. Boykin had both the

6

opportunity and the means to prevent the harm from occurring and that Dr. Boykin is entitled to summary judgment on Plaintiff's failure to intervene claim. (*Id.* at 13-14).

Plaintiff's objection as to Dr. Boykin is **OVERRULED**.

**C. Quinlann Berry**

Plaintiff asserts that Defendant Berry subjected him to cruel and usual punishment when Defendant Berry ordered Plaintiff to enter a cell that had residual pepper spray. The Magistrate Judge recommends that Berry's motion for summary judgment be granted because "a reasonable jury could not find that Berry's actions, even viewed in light most favorable to Plaintiff, give rise to liability under the Eighth Amendment." (Doc. 42 at 15). Plaintiff objects, arguing that the Magistrate Judge did not consider the unique circumstances of his case—namely that the pepper spray exacerbated his head wound and dizziness, causing him to urinate on himself. (Doc. 45 at 7).

Plaintiff's objection is not well taken. The Magistrate Judge considered Plaintiff's argument that he was suffering from a head wound when Berry placed him in a cell, which cell had pepper spray residue following Berry's use of pepper spray on another inmate. (Doc. 42 at 16-17). And the Magistrate Judge correctly concluded that Plaintiff had failed to establish both the objective and subjective components of his claim because Plaintiff failed to demonstrate a genuine dispute that any residual pepper spray in the cell posed a substantially serious risk to Plaintiff, that Berry knew residual pepper spray posed a serious risk to Plaintiff, or that Berry disregarded any risk. (*Id.*) Indeed, as the Magistrate Judge noted, although Plaintiff argued that he complained about the pepper spray and requested medical treatment related to it, Plaintiff never named the officer who

7

declined medical treatment and Plaintiff never suggested that he made any further attempts to seek medical care. (*Id.* at 17).

Accordingly, Plaintiff's objection as to Defendant Berry is **OVERRULED**.

### IV.     CONCLUSION

Based upon the foregoing:

1. The Report and Recommendation (Doc. 42) is **ADOPTED,** consistent with this Decision & Entry.

2. Defendants Ashcraft and Yates's objections (Doc. 43) are **OVERRULED**.

3. Plaintiff's objections (Doc. 45, 46, 47) are **OVERRULED**.

4. Defendants Ashcraft, Yates, and Berry's motion for summary judgment (Doc. 30) is **DENIED** as to Plaintiff's excessive force claim against Defendant Ashcraft and failure to intervene claim against Defendant Yates. The motion (Doc. 30) is **GRANTED** as to Plaintiff's failure to report the claim against Defendant Yates and all claims against Defendant Berry.[3]

5. Defendant Boykin's motion for summary judgment (Doc. 31) is **GRANTED**.

**IT IS SO ORDERED.**

Date:  8/29/2024                                                                *s/Timothy S. Black*
                                                                                           Timothy S. Black
                                                                                           United States District Judge

---

[3] Defendants' first-filed motion (Doc. 28), which was not text searchable and not in compliance with Local Rule 5.1(c), shall be **terminated as moot**.